UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ERIN RUTH STACY,**

    **Plaintiff,**

**v.**                                                                                 **Case No: 5:13-cv-194-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY and SSA**

    **Defendants.**

___

# REPORT AND RECOMMENDATION[1]

This matter is before the court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 11). Plaintiff, acting *pro se*, has not responded. For the reasons discussed below, it is respectfully RECOMMENDED that Defendant's Motion to Dismiss (Doc. 11) be GRANTED.

    I.    BACKGROUND

In June 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits (DIB) (Declaration of Patrick J. Herbst, Doc. 11-1, 2). On February 15, 2013, after a hearing, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's application for benefits. (Doc. 11-1, 2-3). On April 16, 2013, Plaintiff requested the Appeals Council review the ALJ's decision (Doc. 11-1, 28). On April 18, 2013, Plaintiff also filed a *pro*

___

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

*se* Complaint in this Court seeking review of the ALJ's decision (Doc. 1). Plaintiff's request for review is still pending with the Appeals Council. (Doc. 11-1, 3).

## II. STANDARD OF REVIEW

Attacks on subject matter jurisdiction based on Rule 12(b)(1) of the Federal Rules of Civil Procedure may be in the form of either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). When considering a facial attack, the court assumes that the allegations in the complaint are true and determines whether the plaintiff has alleged a basis of subject matter jurisdiction. *Id.* at 1529. In contrast, factual attacks challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, the Commissioner presents a facial attack because Plaintiff has failed to allege that she has exhausted her administrative remedies. (Doc. 1).

## III. DISCUSSION

The Commissioner argues that pursuant to 42 U.S.C. §405(g) of the Social Security Act, Plaintiff must exhaust her administrative remedies prior to bringing an action in federal court. On its face, Section 405(g) bars judicial review of any denial of a claim of disability benefits until after a "final decision" by the Commissioner after a "hearing." *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)

In *Mathews v. Eldridge*, the Supreme Court held that the "final decision of the [Commissioner] made after a hearing" consists of two elements: -- (1) the jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Commissioner; and (2) the waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted. *Mathews*, 424 U.S. 328-30.

Here, there is no dispute that Plaintiff presented her claims to the Commissioner, thus fulfilling the non-waivable requirement. There is also no question that Plaintiff has received only an initial decision on her application for benefits. Rather than exhausting her remedies through the administrative appeals process (see, e.g., 20 C.F.R. § 404.981), Plaintiff instead filed both a request for review of the ALJ's decision (Doc. 11-1, 28) and a *pro se* Complaint in this Court. This she cannot do.

Plaintiff does not dispute that she has failed to exhaust her administrative remedies, nor does she allege any permissible basis for waiver of the exhaustion requirement. Notably, Plaintiff has not responded at all to Defendant's Motion to Dismiss. Because Plaintiff has failed to exhaust her administrative remedies, this Court lacks subject matter jurisdiction over her claims, and her Complaint should be dismissed. *See* 42 U.S.C. § 405(g); *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).

IV. CONCLUSION

Accordingly, upon due consideration, it is respectfully RECOMMENDED that the Commissioner's Motion to Dismiss (Doc. 11) be GRANTED, and Plaintiff's Complaint be DISMISSED pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on October 8, 2013.

**DONE** and **ORDERED** in Ocala, Florida on October 8, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties